UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- x
GLADYS GARCIA, on behalf of herself         :   Civil Action No. 18-834
and others similarly situated,              :
                                            :
            Plaintiffs,                     :
    - against -                             :   **FLSA COLLECTIVE ACTION and**
                                            :   **RULE 23 RULE 23 PROPOSED CLASS**
B B Q CHICKEN DON ALEX, INC and             :   **ACTION COMPLAINT**
DIAVI M. OSORES                             :
                                            :
            Defendants                      :   **Jury Trial Demanded**
------------------------------------------------- x

Plaintiff Gladys Garcia (the "Plaintiff"), on behalf of herself and other similarly situated employees, by and through her attorney, Mohammed Gangat, Esq., files this Complaint against Defendants B B Q CHICKEN DON ALEX and DIAVI M. OSORES.

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", she is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. In addition to seeking recovery for the Plaintiff, this lawsuit also seeks to recover

minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated servers, cooks, kitchen assistants, counterpersons, delivery persons and other workers employed at defendants' restaurant which does business under the trade name, Don Alex BBQ Chicken Restaurant.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff is a resident of Queens, New York.

7. Defendant B B Q CHICKEN DON ALEX, INC. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 95-04 37TH AVENUE, Jackson Heights, NY 11372.

8. Defendant DIAVI M. OSORES (the "Individual Defendant") is the owner, shareholder, director, supervisor, managing agent, and/or proprietor, the Corporate Defendant, who actively participate in the day-to-day operations of each the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and

the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

9. The Defendants own and operate a restaurant in Queens, NY, doing business under the name Don Alex BBQ Chicken Restaurant (the "Restaurant").

10. The Individual Defendant exercises control over the terms and conditions of their employees' employment, in that she has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11. The Individual Defendant is present on the premises of the Corporate Defendant on a consistent basis, and actively supervises the work of the employees, including Plaintiff, and mandates that all issues concerning the employees' employment - including hours worked and pay received - be authorized and approved by them.

12. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of not less than $500,000.

13. Defendants continuously employed plaintiff Gladys Garcia in Queens County, New York to work as a non-exempt employee for Defendants' restaurant from in or about April 2017 until in or about July 2017.

14. The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

15. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

16. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19. The Individual Defendants is consistently present at the Corporate Defendant's business premises (*i.e.*, the restaurant) and actively participates in the day-to-day operation of the Corporate Defendant. Not only considered the boss, Osores at times personally works alongside the employees in the restaurants to directly supervise and direct the work of the employees, including Plaintiff, and instructs the employees on how to perform their jobs and corrects them for errors made.

20. The Individual Defendant must approve all crucial business decisions, including decisions as to the hours worked by the employees, the pay the employees are to receive, and whether employees are entitled to a pay increase and, if so, the amount of the raise.

21. In or about April 2017, Defendants jointly decided to hire Plaintiff to work as a non-exempt employee of the restaurant.

22. Plaintiff was hired purportedly as a server, but routinely performed functions that go beyond the traditional duties of a server and for which she did not customarily receive tips.

Plaintiff worked for the Defendants in this capacity until on or about July 20, 2017.

23. During the course of Plaintiff's employment by Defendants, she worked over forty (40) hours per week.

24. Upon being hired Defendants instructed Plaintiff to work and Plaintiff did in fact work a regular schedule consisting of six (6) days a week, between on average 9 hours each day, and occasionally more than 10 hours per day. For this time period, Defendants agreed to and did in fact pay Plaintiff wages of $30 per shift, and allowed Plaintiff to keep all of her tips.

25. On May 14, 2014 (Mother's Day), Plaintiff was instructed by Defendants to work and did in fact work a double-shift from morning to night. For this excruciating day of work, Defendants agreed to and did in fact pay Plaintiff wages of $70, and allowed Plaintiff to keep all of her tips. On this day, Plaintiff's workday spanned almost the entire day—more than 18 hours!

26. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

27. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff's and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

28. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

29. Defendants did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

30. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiff's hours and wages in violation of the New York Labor Law §§ 195, 661.

31. Defendants never informed Plaintiff that they intended to take any tip credit as required by the New York Department of Labor Hospitality Industry Wage Order.

32. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

33. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action individually and as representative of a "Proposed FLSA Collective" defined as:

> all other current and former non-exempt employees who have been or were employed by Defendants as tipped, hourly food services workers at Don Alex BBQ Chicken Restaurant between February 2, 2015 and the date of final judgment in this matter.

35. Upon information and belief, the Proposed FLSA Collective is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Proposed

FLSA Collective members, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff will fairly and adequately protect the interests of the Proposed FLSA Collective and has retained counsel that is experienced and competent in the fields of employment law and collective and Rule 23 Proposed Class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

37. This action should be certified as a collective action because the prosecution of separate actions by individual members would create a risk of either inconsistent or varying adjudications with respect to individual members, or adjudications with respect to individual members that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

38. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

39. Questions of law and fact common to the members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff

and members:

 a. Whether the Defendants employed Plaintiff and the members within the meaning of the FLSA;

 b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the members;

 c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

 d. Whether the Defendants failed to pay the Plaintiff and the members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

 e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

 f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

40. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## RULE 23 PROPOSED CLASS ACTION ALLEGATIONS

42. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a Proposed Rule 23 Class, under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

        all other current and former non-exempt employees of Don Alex BBQ Chicken Restaurant who have been or were employed by Defendants as tipped, hourly food services workers between February 2, 2012 and the date of final judgment in this matter.

43. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

44. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

45. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

46. Plaintiff has committed herself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

47. Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that she must consider their interests just as she would represent and consider her own interests, and that she may not favor

her own interests over theirs.

48. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments and she understands that she may be called upon to testify in depositions and at trial.

49. Plaintiff has the same interests in this matter as all other members of the Proposed Class and Plaintiff's claims are typical of the Proposed Class.

50. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

    a. Whether the Defendants employed Plaintiff and the Proposed Class members within the meaning of the New York Labor Law;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Proposed Class members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to pay the Plaintiff and the Proposed Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    e. Whether the Defendants failed to pay the Plaintiff and the Proposed Class

      members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f. Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "50" of this Complaint as if fully set forth herein.

52. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

53. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

55. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

56. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

57. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

58. Defendants failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

59. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

60. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective members.

62. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Proposed FLSA Collective members,

63. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

64. Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

65. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

66. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

67. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay**
*Brough on behalf of Plaintiff and the Proposed Rule 23 Class*

68. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "67" of this Complaint as if fully set forth herein.

69. Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

70. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime

compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

71. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

72. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiffs and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

73. Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

74. Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

75. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

76. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

77. At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

78. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

79. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brough on behalf of Plaintiff and the Proposed Rule 23 Class*

80. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "79" of this Complaint as if fully set forth herein.

81. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

82. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

83. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, *§* 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

84. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of NYLL, Article 6, *§* 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, *§* 198(1-b ).

86. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and

the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, GLADYS GARCIA, on behalf of herself and all similarly situated Proposed FLSA Collective members and Rule 23 Proposed Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as tipped hourly food services workers the Restaurant, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant

|      |                                                                                                                                                              |
|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | to the New York Labor Law and the New York State Wage Theft Prevention Act;                                                                                 |
| vi.  | An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;                                                                        |
| vii. | Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;                                                    |
| viii.| Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;                                                     |
| ix.  | An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL                                                       |
| x.   | An award of prejudgment and post-judgment interest;                                                                                                          |
| xi.  | An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and |
| xii. | Such other and further relief as this Court determines to be just and proper.                                                                                |

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       February 7, 2018

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Gladys and the FLSA*

- 18 -

*Proposed Collective and Rule 23 Proposed Class*

*Proposed Collective and Rule 23 Proposed Class*